In the Matter of ALAN BART, Respondent, v LEO FOX, Appellant. [772 NYS2d 647]—

Order, Supreme Court, New York County (William Wetzel, J.), entered on or about September 18, 2002, which denied respondent's motion to dismiss this turnover proceeding for lack of subject matter jurisdiction, and order, same court and Justice, entered on or about July 2, 2003, which denied respondent's motion for summary judgment dismissing the proceeding, without prejudice to renewal upon determination of a related action in Suffolk County, unanimously affirmed, with costs.

Petitioner judgment creditor seeks to recover some $42,000 paid to respondent attorney by the judgment debtor's wife for legal fees incurred by the judgment debtor in a bankruptcy proceeding filed by the judgment debtor shortly after entry of petitioner's judgment of some $1.5 million. The bankruptcy proceeding was dismissed with prejudice upon motion of the bankruptcy trustee, which petitioner joined, because of the debtor's noncompliance with his disclosure obligations, among other reasons. Shortly thereafter, petitioner learned of the above-mentioned payment and commenced this proceeding, alleging, inter alia, that it violated a Bankruptcy Court order that respondent's fees were not to be paid until fixed by the Bankruptcy Court. Respondent moved to dismiss the proceeding on the ground that the New York courts lack subject matter jurisdiction to entertain claims alleging violations of Bankruptcy Court orders. The IAS court agreed, advising petitioner to submit the claim to the Bankruptcy Court, but nevertheless denied respondent's motion to dismiss the proceeding because of other allegations in the petition that the $42,000 was part of a larger amount of some $565,000 that the judgment debtor fraudulently transferred to his wife in anticipation of his filing for bankruptcy. It appears that petitioner is seeking to recover this larger amount in a fraudulent conveyance action pending in Suffolk County, in which the judgment debtor's wife has been temporarily restrained from transferring any assets from bank accounts in her name. Respondent's subsequent motion for sum-

mary judgment argued that the record made in the bankruptcy proceeding establishes that the $42,000 originated with the judgment debtor's wife, not the judgment debtor. The IAS court disagreed and also noted that there was a good likelihood that the Suffolk County action will resolve the issue as to the source of the $42,000.

On the issue of whether the New York courts have subject matter jurisdiction to decide whether there has been a violation of a Bankruptcy Court order, respondent is not aggrieved, since the IAS court decided in his favor that it does not. To the extent that petitioner, who did not appeal, presently seeks relief from that aspect of the IAS court's decision on a search of the record, he fails to present any persuasive authority. In general, the Bankruptcy Court has exclusive jurisdiction to fix the amount of fees and liens for services rendered by attorneys for a bankruptcy estate (*see Brown v Gerdes,* 321 US 178 [1944]).

Respondent does not argue that the New York courts lack subject matter jurisdiction to decide the fraudulent conveyance claim raised in the petition. As to the merits of that claim, an issue of fact as to whether the subject $42,000 was derived from a larger fraudulent transfer is raised by bank account statements and other evidence that the judgment debtor transferred substantial amounts out of his name and into his wife's name prior to filing for bankruptcy.

We have considered respondent's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.